NATHAN A. WHITFIELD, trustee in bankruptcy, &c., complainant-respondent,

*v.*

EDWARD C. KERN et al., defendants-appellants.

[Argued February 15th, 1939. Decided May 23d, 1939.]

*Mr. Abraham M. Herman,* for the appellants.

*Mr. Jacob Lipman (Mr. George H. Rosenstein,* of counsel), for the respondent.

The opinion of the court was delivered by

PARKER, J.

This is the second appeal in this cause. The first appeal was heard at the October term, 1936, and the opinion of this court is reported in *122 N. J. Eq. 332 et seq.* The conclusion of that opinion (at *p. 348*) reads: "The decree is accordingly reversed, and the cause remanded for further proceedings not inconsistent with this opinion."

As will appear by the opinion of the court of chancery reported in *120 N. J. Eq. 115,* and by the opinion of this court, *ubi supra,* there were three separate classes of items under discussion and examination. The first includes two payments made to Edward Kern of $3,000 each (*122 N. J. Eq. 337*); the second relates to excess salary drawn by John Kern amounting to $8,000 or thereabouts (*Id. 337, 338*); and the third to moneys totaling $19,000 claimed to have been misappropriated by John (*Id. 338, 348*).

The *remittitur,* as is plain from its language, is limited to the third item so far as any rehearing in the court of chancery is concerned. The language is as follows: "Ordered, adjudged and decreed that the decree of the Court of Chancery made on the 22d day of April, 1936, and filed on the 6th day of June, 1936, from which appellants appealed, be

and the same is hereby reversed, set aside and for nothing holden, and that the complainant-appellee may apply for a rehearing in the Court of Chancery on the issues raised and referred to as item 3 in the opinion filed in the Court of Errors and Appeals and relating more particularly to alleged misappropriations of moneys resulting in the impairment of the capital stock of E. C. and J. B. Kern, Inc." But the court below, notwithstanding the limitation in the language of the *remittitur,* adopted as its guide the language of our opinion on page 348 of *122 N. J. Eq.* in connection with other parts of the opinion, pointing to a rehearing not only as to item 3 but also as to items 1 and 2, limited however to the question whether the security of creditors had been impaired ; and accordingly proceeded to examine those items in that aspect, and to decide that no case had been made out for recovery of items 1 or 2, or any part thereof, except excess salary of $847 withdrawn by John in 1930 and $489 withdrawn by John in 1931.

With respect to the third main item of $19,000, the vice-chancellor, on rehearing, came to the conclusion that the proof was adequate to support a decree only for $10,510 of that item, and awarded a decree against the defendants for that amount with interest, as well as for the two items of $847 and $489 with interest, making a total at the date of the decree of $17,559.63.

With respect to the amount of $10,510 and interest found by the court below as the amount of the third main item, an examination of the evidence and briefs leads us to the conclusion that in this respect the decision of the court of chancery was right; and with regard to it the decree of the vice-chancellor will be affirmed.

As to the other two items, Nos. 1 and 2, which were not referred back by the *remittitur,* the case presents substantially the same situation in the matter of procedure that obtained in *Kanzler* v. *Smith, 125 N. J. Eq. 466.* In that case, as in this, the court of chancery, on a remand of the case, went outside the scope of the *remittitur;* and we hold, following the decision in *Tuttle* v. *Gilmore, 42 N. J. Eq. 369,* that this was error in procedure requiring a reversal of the decree

and the rectification of the *remittitur* in this court to conform to our previous opinion. As that previous opinion indicated a rehearing in the court of chancery on items 1 and 2, rehearing should have been directed by the amended *remittitur*, conformably to the limitations noted in our opinion. That opinion, as has been said, indicated that items 1 and 2 were to be referred back to the court of chancery for re-examination; and such re-examination having in fact been had, and considered here on its merits, we concur in the result reached by the court below therein. As a consequence, our decree on this appeal will be, while in form a reversal of the court of chancery in the matter of procedure, nevertheless in substance a decree in this court similar on the merits to that now under review.

The decree under review awarded to the complainant a counsel fee of three thousand dollars, and this is challenged as excessive. We think that, under the circumstances, fifteen hundred dollars would be an adequate fee, and the award will be modified accordingly.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.